Jacob Markowitz, J.
(dissenting). This conviction is predicated solely upon the appellant’s attire, viz., female clothing and makeup. He was neither disorderly, abusive, nor otherwise conducting himself in an unlawful manner. Nor can it be seriously questioned that he was on the subway platform incident to traveling home from a masquerade party. Nevertheless, he was convicted of violating subdivision 7 of section 887 of the Code of Criminal Procedure. The history of this section, however, leads to the conclusion that his conviction was error and that this case is not within the purview of the vagrancy laws.
The prototype of subdivision 7 of section 887 was enacted into law by chapter 3 of the Laws of 1845 entitled ‘1 An Act to prevent persons appearing disguised and armed”. A detailed history of this section is contained in case on appeal, Court of Appeals, People v. Gillespi (1964, infra). As indicated therein the original section was enacted as part .of an over-all policy aimed at ending the anti-rent riots, an armed insurrection by farmers in the Hudson Valley. The rioting had reached such intensity that a state of insurrection had been declared. This particular statute was addressed to a specific group of insurrectionists who, while disguised as “ Indians ”, murdered law enforcement officers attempting to serve writs upon the farmers. The ‘ ‘ Indians ’ ’ were in fact farmers, who as part of their costumes, wore women’s calico dresses to further conceal their identities. The only connection this section had with men attired in female clothing was the fact that the attire was used in furtherance of a scheme .of murder and insurrection. Indeed, males dressed in female attire for purposes other than discussed above were not even considered by the Legislature adopting the section. It thus would appear that the appellant’s conduct herein was neither within the meaning of the section nor within *865 the contemplation of the Legislature which first enacted the statute.
Notwithstanding the legislative history and circumstances surrounding the enactment of the original law, it is urged by the majority that this conviction be affirmed on the strength of cases decided by this court, particularly People v. Gillespi (No. 350 of March, 1964) and People v. Johnson (No. 351 of March, 1964) both affirmed 15 N Y 2d 529, by a divided court. However, the facts disclose that reliance and emphasis in those cases were placed upon the recidivism of the defendants combined with the nature of their conduct.
The section in its present form is aimed at discouraging overt homosexuality in public places which is offensive to public morality. In addition to a deterrent to sexual aberration, it is also addressed to crime detection and prevention of criminal activity. These areas are within the province of legislative controls. In practice, the section has been strictly confined to these narrow limits. While Gillespi and Johnson were deemed to be within the section’s narrow scope, it is clear that the instant appellant’s conduct therein was not. In contrast to Gillespi and Johnson, appellant testified that the only reason he was dressed in women’s clothing was to attend a masquerade party where he had been drinking; that he had never been arrested; that he was gainfully employed; that he had visible means of support; and that he did not make a habit of dressing in female attire. By no stretch of the imagination could he be considered to be within any of the categories encompassed by the section as construed.
As was stated in People v. Luechini (75 Misc. 614): “ The whole import of this section [887] * * # is that a person, to be convicted under any of its subdivisions, must be shown to be so situated or so conducting himself as to indicate either that he has no lawful, visible means of support, or that he is a menace to the health, safety or morals of the community in his manner of supporting himself.” The court further stated, with regard to the requirements under subdivision 7 of section 887 at page 615: 11 Mere masquerading is not sufficient; and I cannot conceive that our Legislature, in the exercise of its police power, intended to declare such an act [masquerading] malum prohibitum, i.e., criminal in itself without proof of specific criminal intent.”
If appellant’s conviction was correct then circus clowns, strangely attired “hippies”, flowing-haired “ yippies ” and every person who would indulge in the Halloween tradition of “ Trick or Treat ” ipso facto may be targets for criminal sanctions as vagrants. Today women are wearing their hair increas *866 ing'ly shorter, and men are wearing their hair increasingly longer. Facial makeup, hair dyeing and cosmetic treatment are no longer the exclusive province of women. Men’s and women’s clothing styles are becoming increasingly similar. Thus, carrying the majority view to its logical conclusion, a young man or woman could possibly be convicted under this section as a vagrant merely for venturing into the street in his or her normal attire, which is otherwise acceptable in society today.
Subdivision 1 of section 887 of the Code of Criminal Procedure dealing with ‘ £ A person who, not having visible means to maintain himself, lives without employment ”, was held unconstitutional in Fenster v. Leary (20 N Y 2d 309) on the grounds: (a) that it was violative of the due process clause of the Fourteenth Amendment, and (b) that it was an invalid exercise of the State’s police power. So, too, the subdivision herein is an overbroad exercise of the State’s police power.
The police power of the State is said to be extremely broad and pervasive, and the conduct of an individual and the use of property may be regulated so as to interfere, to some extent, with the freedom of the one and the enjoyment of the other (Matter of Jacobs, 98 N. Y. 98) by its exercise. However, the police power is not without limitation and in order for an exercise of such power to be considered proper and valid, there must be ££ some fair, just and reasonable connection ”, a rational nexus between such exercise and the promotion of the health, safety, comfort and welfare of the community (see People v. Gillson, 109 N. Y. 389, 401). The Court of Appeals recently stated in this connection that “ a statute whose effect is to curtail the liberty of individuals to live their lives as they would and whose justification is claimed to lie in the exercise of the police power of the State must bear a reasonable relationship to, some proportion to, the alleged public good on account of which this restriction on individual liberty would be justified. ’ ’ (Fenster v. Leary, supra, p. 314.) Clearly, no ££ reasonable relationship ”, no “ fair, just or reasonable connection ’ ’, no rational nexus exists between the public good and the conduct here involved. When applied to appellant’s behavior, subdivision 7 of section 887 of the Code of Criminal Procedure ££ constitutes an overreaching of the proper limitations of the police power in that it unreasonably makes criminal and provides punishment for conduct * * * of an individual which in
no way impinges on the rights or interests of others and which has in no way been demonstrated to have anything more than the most tenuous connection with prevention of crime and preser *867 vation of the public order * * * other than, perhaps, as a means of harassing, punishing or apprehending suspected criminals in an unconstitutional fashion.” (Fenster v. Leary, supra, pp. 312-313.)
It is clear from the above that behavior of the appellant herein is not the type of conduct ever intended by the Legislature to be subject to the limitations of the vagrancy statute. Therefore, as applied to appellant, the statute in question constitutes an overreaching, an invalid exercise of the State’s police power.
As of September 1,1967, the Legislature gave final condemnation to this section by repealing the entire title 6 of the Code of Criminal Procedure dealing with vagrancy, efiminating any purported statutory regulations (of vagrants).
Subdivision 4 of section 240.35 of the Penal Law is cited by the majority as regulating masquerading. This section seeks to regulate public congregation of persons who are “masked or in any manner disguised by unusual or unnatural attire or facial alteration ’ ’ specifically excluding such congregation in connection with masquerade parties under certain circumstances. The statute at most attempts to regulate public group conduct and not the wearing of female attire and use of facial makeup per se by a single male individual.
Accordingly, the appellant’s conviction should be set aside and the complaint dismissed.
Streit and Hofstadter, JJ., concur in Per Curiam opinion; Markowitz, J., dissents and votes to set aside the conviction and dismiss the complaint, in dissenting opinion.
Judgment of conviction affirmed.